UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Denyse Merullo

   v.                                                Civil No. 11-cv-116-SM

Richard L. Greer


**REPORT AND RECOMMENDATION**

Before the court are plaintiff's motions for default judgment (doc. no. 7) and to amend the complaint (doc. no. 8). For the reasons stated herein, the court recommends that the motion for default judgment as to defendant Ricky Greer (doc. no. 7) be denied, and the motion to amend the complaint (doc. no. 8) be granted.  Further, the court recommends that the Clerk's entry of default as to Richard L. Greer (doc. no. 6) be vacated.

On July 14, 2011, a damages hearing was held. Plaintiff, Denyse Merullo, and her counsel, Gregory M. Krakau and Donald C. Crandlemire appeared; defendant did not appear. Although the court indicated orally from the bench that it required supplemental briefing from the plaintiff on questions related to her claim for damages, as well as her request to amend her complaint, the court now concludes that supplemental briefing is

not warranted; it is both more just and more expedient to rule on the pending motions without such briefing.[1]

**Background**

In the caption of her initial complaint (doc. no. 1), plaintiff listed "Richard L. Greer" as the defendant to this action. Plaintiff now asserts that during the course of effecting service of the complaint, she discovered that the defendant's legal name is actually "Ricky Don Greer."

The return of service filed in this case (doc. no. 5) reveals that on April 29, 2011, a process server served the complaint naming "Richard L. Greer" on "Richard Greer" at 1 Summer Creek Way in Longview, Texas. No answer to that complaint has been filed in this court.

Plaintiff has never met the defendant in this case. This suit arises out of contacts between the parties conducted solely over the internet. In her motion for default judgment (doc. no. 7), plaintiff asserts that the complaint was in fact served on

---

[1] As the court is not persuaded that proper service has been made in this case, vacating the default, allowing the plaintiff to amend and then to properly serve the amended complaint on the intended defendant is more efficient and ultimately serves the interests of both the court and the parties. A default judgment entered where proper service has not been made on the proper defendant is likely to result in an appeal and reversal. The approach recommended here today makes better use of judicial and litigant resources.

"Ricky Don Greer," the individual who is the intended defendant in this action, at the Summer Creek Way address. At the July 14 hearing, plaintiff stated that she located a picture on the internet that she believed to be the person she is trying to sue, and that she provided that photograph to the process server in Texas. It is not clear in the present record how, without ever having face-to-face contact with the intended defendant, plaintiff could be assured that the individual in the photograph was in fact "Ricky Don Greer."

In her motion to amend (doc. no. 8), plaintiff asserts that, through counsel, she sent a "cease and desist" and demand letter to Greer (first name not identified) by both Federal Express and regular mail. The letter sent through the postal service was sent to a post office box in Longview, Texas. The letter was not returned, but no response was received. Plaintiff has not demonstrated that any return receipt or other proof of delivery was obtained for that letter. The Federal Express package was returned as not deliverable; it is not clear in the record whether the Federal Express package was addressed to a street address or to a post office box.

Having received no response to his letter, plaintiff's counsel sent an email, with the letter attached, to Greer at the

email address admin@rickygreer.com, to which Greer responded within twelve hours.  In his response, Greer indicated that he would, in fact, welcome a lawsuit, as it would give him the opportunity to vindicate the harm he alleges plaintiff did to him.  In his response, which was signed "Ricky Greer," Greer did not indicate any facts that would allow the court to conclude that he had received any mail from plaintiff prior to the email.

## Discussion

I.   Motion for Default Judgment (doc. no. 7)

Fed. R. Civ. P. 55(c) ("Rule 55(c)") provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Here, a default has been entered by the Clerk (doc. no. 6).  Plaintiff now requests that default judgment be entered.  For the reasons that follow, the court recommends that that motion be denied, and that the Clerk's default be set aside.

Ordinarily, the burden to demonstrate "good cause" lies with the party seeking to set aside the default.  Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). However, "a majority of circuits to have considered the power of a district court to vacate a judgment under Rule 60(b) have concluded that district courts have the discretion to grant such

relief sua sponte." Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385 (7th Cir. 2008) (collecting cases). The court in Judson noted that, where there is a default but no default judgment, Rule 55(c) does not require a party to file a motion, but simply authorizes the court to set aside the default for "good cause":

> [W]e believe that a district court that has entered a default against a party retains the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity of relief by means other than a motion, . . . particularly since Rule 55(c) does not require a motion. Without deciding whether a district court could set aside a default judgment sua sponte, we believe that the district court had the authority to set aside sua sponte an entry of default against [party] for good cause.

Judson Atkinson Candies, 529 F.3d at 385-86 (internal citations omitted); see Lopez-Jimenez v. Pereira, Civil No. 09-1156CCC, 2010 WL 500407, *5 (D.P.R. Feb. 3, 2010) (setting aside default entered against non-moving defendant sua sponte pursuant to Rule 55(c)). The reasoning of the court in Judson persuades this court that, under Rule 55(c), it may act sua sponte in making a finding of "good cause" sufficient to vacate a default.

Defendant here has neither appeared nor moved to vacate the default in this matter. The facts in the record and as presented by plaintiff in support of her pending motions to

amend and for default judgment, however, give rise to a substantial question as to whether the defendant has been properly served. Accordingly, the court further finds that, in this case, it is appropriate to determine whether "good cause" exists to vacate the Clerk's entry of default (doc. no. 6), pursuant to Rule 55(c).

In evaluating whether or not to vacate an entry of default, the court should balance the necessity to protect a litigant from an "obstructionist adversary," and to encourage "the expeditious resolution of litigation" on the one hand, with the court's interest in "avoiding harsh or unfair results" and resolving disputes on the merits on the other hand. KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12-13 (1st Cir. 2003) (internal quotations and citations omitted). To evaluate whether good cause exists to vacate a default, the First Circuit has held that:

> [t]here is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors. . . . The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. . . . But that is not an exclusive list and courts may consider other relevant factors, including (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside the entry of default].

Indigo Am., 597 F.3d at 3 (citing KPS & Assocs., 318 F.3d at 12 (internal quotations and citations omitted)).  The "good cause" standard in setting aside a default is "a liberal one."  U.S. v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).

### A. "KPS" Factors

The court will apply the seven factors set forth in KPS Assocs., and approved in Indigo Am., to evaluate whether in this case good cause exists to vacate the Clerk's entry of default (doc. no. 6).  See Indigo Am., 597 F.3d at 3.

### 1. Willfulness

As to the first factor, the court cannot find on the facts before it that default by the defendant was willful.  The court is not persuaded that the correct individual was served.  Further, the court finds that even if the intended defendant was served with the complaint, his receipt of a complaint with another person's (admittedly similar) name in its caption does not suffice to demonstrate that defendant had proper notice of the suit against him and his obligation to respond thereto to avoid default.

In particular, after considering plaintiff's showing regarding service, the court is troubled by the following facts that appear in the record or have been alleged by plaintiff: (1) "Ricky Don Greer," not "Richard L. Greer," is the name of the intended defendant in this matter; (2) the complaint names "Richard L. Greer" and not "Ricky Don Greer," as the defendant; (3) the return of service indicates that "Richard Greer" was personally served with the complaint; (4) plaintiff has never met or had personal contact with Ricky Don Greer and has identified his appearance only by finding a photograph on the internet which she believed to be the defendant and gave to the process server; (5) a Federal Express package sent to defendant was returned as undeliverable; (6) a letter sent to a post office box that plaintiff believed belonged to defendant was not answered; (7) "Ricky Don Greer," in his reply to plaintiff's email, did not appear to be inclined to avoid service of a lawsuit, but instead urged plaintiff to file suit; and (8) plaintiff concedes that there are two different individuals – Richard L. Greer and Ricky Don Greer – who live in Longview, Texas.

The court further finds that "Greer" is not an uncommon surname, and that "Richard L. Greer" is not a typographical

error but is in fact an entirely different name than "Ricky Don Greer."  The court also notes that a person served with a complaint naming another individual as the defendant may not have sufficient motivation to read the complaint in order to determine whether he is in fact implicated as the proper but misnamed defendant to the action.

These facts, taken together, cast substantial doubt on the proposition that Ricky Don Greer, the intended defendant in this action, was properly served with the complaint in this matter, and that he was on notice of the need to respond to the suit.  The facts before the court are therefore insufficient to support a finding that defendant's failure to appear was willful.  Accordingly, this factor favors setting aside the entry of default.

### 2. Prejudice

As to prejudice, none appears on the face of the existing record.  While plaintiff may have an interest in a prompt resolution of this matter, "'in the context of a Rule 55(c) motion, delay in and of itself does not constitute prejudice.'" Indigo Am., 597 F.3d at 4 (quoting KPS & Assocs., 318 F.3d at 15)).  "'The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties

of discovery, or an enhanced opportunity for fraud or collusion.'" KPS & Assocs., 318 F.3d at 15 (quoting FDIC v. Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989)). The court finds that no prejudice to the prosecution of the merits of plaintiff's cause will occur as a result of setting aside the default and providing defendant an appropriate opportunity to participate in the suit against him. This factor weighs in favor of setting aside the default.

### 3. "Meritorious Defense"

Ordinarily, to satisfy the "meritorious defense" factor, an individual moving to vacate a default would have to "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." Indigo Am., 597 F.3d at 4 (quoting Coon, 867 F.2d at 77). Because no defendant has appeared in this case, the court cannot determine whether this factor favors setting aside the default.

### 4. Reason for Default

The fourth factor requires the court to examine the nature of the defendant's reason for default. As previously discussed, the court finds that the evidence before the court does not support a finding that defendant was properly served in this

10

matter or was otherwise afforded proper notice of his obligation to respond to the suit. For purposes of this analysis, therefore, the court will assume, without deciding, that defendant's failure to appear was due to insufficient service and inadequate notice of the action. Given this assumption, this factor weighs in favor of setting aside the verdict.

5. Good Faith

The fifth factor asks the court to examine the good faith of the parties. The court has no reason to doubt the good faith of either party, and this factor is therefore neutral.

6. Amount of Money Involved

To evaluate the sixth factor, the amount of money involved, the court will rely on plaintiff's claim for damages in the amount of $29,937.10. See Doc. No. 7. at 4, ¶ 9(e). Without knowledge of defendant's financial circumstances, the court is unable to determine how the amount of money at stake would inform its "good cause" determination. The court will therefore not consider this factor in its analysis.

7. Timing

The seventh factor concerns the timing of the motion to set aside the default. Because this order is not prompted by

defendant's motion to set aside, the court will not consider this factor.

    B.    Good Cause

Considering the seven KPS factors in the aggregate, and applying the liberal standard counseled by the First Circuit, see $23,000 in U.S. Currency, 356 F.3d at 164; Coon, 867 F.2d at 76, the court finds that good cause exists to set aside the default in this case. Accordingly, the court recommends that the Clerk's entry of default be vacated (doc. no. 6) and the motion for default judgment (doc. no. 7) be denied.

II.    Motion to Amend

Plaintiff has filed a motion to amend her complaint "to correct mistake in name of party" (doc. no. 8). Plaintiff seeks to amend the complaint to name "Ricky Don Greer" as the defendant in the caption of the complaint, and presumably wherever else defendant is identified as "Richard L. Greer." The motion to amend (doc. no. 8) should be granted. If this recommendation is approved, plaintiff will be directed to file the amended complaint within seven days of the date of that approval.

III. Service

Should the District Judge approve this recommendation, the plaintiff will be required to effect service of the amended complaint upon defendant Ricky Don Greer. This court recommends that, if this Report and Recommendation is approved, that the District Judge enter the following order regarding service of the amended complaint:

Plaintiff is instructed to submit to the Clerk's office, with the amended complaint, completed summons forms for Ricky Don Greer. Upon receipt of the summons forms, the Clerk's Office is directed to issue the summons to plaintiff to effect service on defendant. Plaintiff is ordered to serve defendant within 120 days of the date the summons forms are issued. Service of a complaint upon an individual must comply with Fed. R. Civ. P. 4(c).

**Conclusion**

For the foregoing reasons, the court recommends the following:

1. The Clerk's entry of default (doc. no. 6) be vacated;

2. Plaintiff's motion for default judgment (doc. no. 7) be denied;

    3.    Plaintiff's motion to amend (doc. no. 9) be granted; and

    4.    Service of the amended complaint be made in accordance with the process outlined herein.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

                                            _____
                                            Landya McCafferty
                                            United States Magistrate Judge

July 25, 2011

cc:   Gregory M. Krakeu, Esq.
       Donald C. Crandlemire, Esq.